————o————

No. 4430.

(Court of Appeal, Parish of Orleans.)

## SMITH & ALLEN V.S. CANAL - LOUISIANA BANK & TRUST COMPANY.

Where a customer's check is entrusted to a bank for collection and it is transmitted by the bank to another bank for the same purpose, which, in turn, sends it forward to still another bank and that other to a fourth bank, all located in different cities; and where the latter bank sends the check for collection to the payee bank which remits in payment thereof, its draft or check on a bank at the domicile of the last forwarding bank; and where the check thus sent in payment is only presented and payment refused on the ground of no funds to the credit of the bank drawing the check or draft, the drawing bank failing in the mean while; and where it is shown that the original drawee bank was the only bank at or near its domicile and that, according to the custom of bankers well known to the forwarding bank, collections of checks or drafts on a bank located in a place where there are no other banks at or near it will be made by sending the check or draft direct to such drawee bank and receiving in payment thereof its check on a bank in some commercial centre, the original payee of the check has no cause of action against

227

the last forwarding bank resulting from the non payment of the check.

Appeal from First City Court, Division "A."

Lyle Saxon, for Plaintiff and Appellant.

Dufour & Dufour, for Defendant and Appellee.

MOORE, J. On the 7th of November, 1905, J. W. Johnson drew his check on the Rose Pine Banking Company, of Rose Pine, in the State of Louisiana, for the sum of fifty dollars in favor of J. M. Neal. Some days later the check was cashed by plaintiffs at Gilham, in the State of Arkansas, where the said plaintiffs reside and are conducting business. Subsequently plaintiffs deposited the check to their credit with the First National Bank of Du Quene, Arkansas. The check was then sent forward for collection by this bank, for its account to the German National Bank of Little Rock, Ark., and by the latter to the Commercial National Bank of Shreveport, Louisiana, and by this latter to the Canal-Louisiana Bank and Trust Company of New Orleans, the defendant herein, and by the latter to the Rose Pine Banking Company of Rose Pine in this State, the bank on which the check was drawn. This latter bank at once sent its check to the defendant bank for the amount of the Johnson check on it, on the Hibernia Bank and Trust Company of New Orleans, which latter bank, however, refused to honor the Rose Pine Banking Company's check, on the ground that the latter bank did not have sufficient funds with the Hibernia Bank & Trust Company wherewith to pay same.

The Rose Pine Banking Company having failed in the meanwhile the several receiving banks charged back the amount of the Johnson check to the respective banks from which the check was received and finally the check was returned, dishonored, to Smith & Allen, plaintiffs, who seek to hold the defendant bank liable for the amount thereof.

There was judgment below rejecting plaintiff's demand and they prosecute this appeal therefrom.

The theory upon which it is sought to make the defendant bank responsible for the loss, is that it was gross negligence on its part to have sent the check directly to the Rose Pine Banking Company for collection; that it should have been sent to some other bank at Rose Pine, or to an express company, or to

228

some other collecting agency in which event the check would have been presented for payment before the bank had failed and it would have been paid; and that in no event should the defendant have accepted from the Rose Pine Banking Company, the drawee bank, its check in payment, but should have demanded payment in money.

The defense is twofold: First—That plaintiffs are without right to maintain the action, as no contractual relation exists between plaintiffs and defendant; and, second, That the mode and manner pursued by the defendant bank in its efforts and endeavors to collect the check were those long established by custom of the banks of this State in such matters, and which custom was well known to the Commercial National Bank of Shreveport, Louisiana, from which defendant bank had received the check for collection.

In our opinion both of these defences are fully sustained.

From the statement of facts, *supra,* it is made manifest that there exists no privity of contract whatsoever, between the plaintiffs and the defendant. The undertaking of the defendant bank was not, so far as it had any knowledge or information, for the account or concern of plantiffs. It had received the check for collection from and for the account of the Commercial National Bank of Shreveport. Its dealings were alone with that bank and at no time with either the original or any intermediate holders and owners of the check.

Contractual relations in this transaction, so far as concerns the plaintiffs, exists *alone* between them and the First National Bank of Du Quene, which placed the amount of the check to the credit of plaintiffs' account on its books.

With the subsequent transactions between that bank and the German National of Little Rock and between the latter and the Commercial National of Shreveport and between this latter and the defendant bank, Smith & Allen have no concern. They must look to the First National Bank of Du Quene for the faithful discharge of the obligation it incurred, as each of the other banks must look to its immediate agent for the faithful performance of the trust imposed on them respectively. Each transaction forms a separate and distinct contract to which no one but the immediate parties thereto are privy.

But let it be conceded, *arguendo,* that as the First National

229

Bank of Du Quene was the agent of Smith & Allen, so each succeeding bank to which the check was sent for collection is a sub-agent of that Bank, and, that, as such, any one of these through whose fault the loss was occasioned, may be proceeded against directly by the principals, Smith & Allen, even then, under the facts of this case, the plaintiffs could not recover.

It may not be doubted that the knowledge of the agent is the knowledge of the principal and that the rule is the same as to the knowledge oft he sub-agent. If therefore, the sub-agent, the Commercial National Bank of Shreveport, had knowledge of the particular course the defendant bank, to which it had sent the check for collection, would pursue in the execution of the trust confided to it, and if that particular course has been faithfully and diligently followed by the defndant bank, then there can be no recovery from the defendant either by the plaintiff or by the Commercial National of Shreveport.

As already stated, the defendant bank at once it received the check for collection from the Shreveport bank, forwarded it to the drawee bank with request to remit its amount; that in due course the drawee bank sent its check, or draft, for the amount on the Hibernia, etc., Bank of New Orleans; that this check, or draft, was promptly presented for payment and when dishonored, due notice thereof was given.

Was this according to the usual course of procedure in such transactions, or, in other words, was it fault on the part of the defendant bank to send the check to the drawee bank for collection and also fault on its part to receive a check or draft from the payee bank in payment, and did the Commercial National Bank of Shreveport have knowledge that the course of action taken by the defendant bank would, or might be taken under the existing conditions.

The written admission entered into by the respective counsel in this cause fully answers both inquiries.

They are to the effect that there is no other bank at or near Rose Pine, Louisiana, than the Rose Pine Banking Company; "that it is a custom of banking in this State, known to the Shreveport Bank, that checks or drafts are sent for collection directly to the drawee bank where there is no other bank in or near the place and checks of drawee bank on financial centres are received in payment;" that the defendant bank "received the

said check from the Commercial National Bank of Shreveport, Louisana, and is in the habit of receiving checks and drafts from said Shreveport Bank on the following conditions: 'That all items not payable in the city of New Orleans are received and forwarded for collection at depositor's risk until the said Canal-Louisiana Bank & Trust Company receives final payment in checks sent it in return for the same;'" and that "it is and has been the custom of the banks in the city of New Orleans for many years and that such custom is well known to banks and bankers in this city, (New Orleans) and was known to the Commercial National Bank of Shreveport, to receive checks for collection and to collect same as above admitted and that said custom was known to the Commercial National Bank of Shreveport at the time said draft (check) was forwarded for collection."

Under these admissions ti is clear that the defendant bank being charged with knowledge of the course to be followed by the defendant bank cannot be held responsible in the premises. On neither of the defenses urged is the judgment error.

The judgment appealed from is, accordingly, affirmed.